UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

BRIAN WISEMAN,                       )
                                     )
    Plaintiff,                       )
                                     )
vs.                                  )   Case No.: 3:18-cv-207
                                     )
THE LINCOLN NATIONAL LIFE            )
INSURANCE COMPANY,                   )
                                     )
    Defendant.                       )

## **COMPLAINT**

The Plaintiff, Brian Wiseman, by and through the undersigned counsel, Bridget O'Ryan, files this Complaint against The Lincoln National Life Insurance Company ("Lincoln"), and as cause therefore states as follows:

### **I. JURISDICTION AND VENUE**

1. This action arises under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §1001.  The Court has jurisdiction of this case pursuant to 28 U.S.C. §1331, in that this action arises under the laws of the United States.  Specifically, Brian Wiseman brings this action to enforce his rights under ERISA as authorized by 29 U.S.C. §1132.

2. Brian Wiseman is a resident of Michigan City, Indiana and a citizen of the State of Indiana.

3. The Dwyer Instruments, Inc. Group Long-Term Disability Insurance Policy is an employee benefit plan administered in the Northern District of Indiana.

4. As an employee of Dwyer Instruments, Inc., Mr. Wiseman is a participant of the Dwyer Instruments, Inc. Group Long Term Disability Insurance Policy.

5. Defendant The Lincoln National Life Insurance Company ("Lincoln") is an Indiana company doing business in LaPorte County, Indiana.

6. Lincoln issued disability coverage to the Dwyer Instruments, Inc. Long Term Disability Insurance Policy.

7. The Dwyer Instruments, Inc. Long Term Disability Insurance Policy promises to pay disability benefits to employees of Dwyer Instruments, Inc. if they are unable to work due to sickness or injury.

8. Venue in the Northern District of Indiana is appropriate by virtue of the Dwyer Instruments, Inc. Long Term Disability Insurance Policy being administered in this District.

## II. FACTUAL ALLEGATIONS

9. Until his date of disability, Mr. Wiseman had been employed as a Global Compliance Engineer with Dwyer Instruments, Inc.

10. Brian Wiseman became disabled in January 2015 after a third cardiac infarct with the diagnosis of coronary artery disease (CAD) with cardiomyopathy, sick sinus disease, diabetes mellitus (DM) type 2, type IV hyperlipidemia, and hypertension.

11. Mr. Wiseman submitted an application to Lincoln for disability payments and his claim was approved as of July 1, 2015.

12. In November, 2016, Lincoln issued a letter to Mr. Wiseman stating that he was no longer considered disabled under the definition of disability of his policy and that his disability was not payable beyond November 22, 2016.

13. Mr. Wiseman appealed Lincoln's decision on May 5, 2017 and his appeal was denied on July 13, 2017.

14. Mr. Wiseman submitted an additional appeal to Lincoln and as of the date of the filing of this Complaint, Lincoln has failed to issue a determination on the appeal within the

maximum 90 day regulatory deadline; accordingly, the Court shall hear this case de novo.

15. As a result of Lincoln's termination of disability benefits, Mr. Wiseman's Extension of Death Benefits, a benefit received under the Disability Policy, was discontinued.

16. Mr. Wiseman is disabled and has provided Lincoln with medical records and physician reports that establish that he meets the requirements of the disability policy.

17. Mr. Wiseman's physicians have advised Lincoln that Mr. Wiseman is unable to work due to his conditions.

18. Despite receiving this information, Lincoln refuses to pay Mr. Wiseman's disability benefits and Extension of Death benefits under the policy.

19. Mr. Wiseman has complied with all of the applicable provisions of the Dwyer Instruments, Inc. Long Term Disability Insurance Policy.

### III.  CLAIM FOR RELIEF
### WRONGFUL DENIAL OF EMPLOYEE BENEFITS

20. Paragraphs 1-19 are hereby realleged and incorporated herein by reference.

21. From January 2015, when Brian Wiseman was forced to leave active employment, until the present, Mr. Wiseman remains unable to perform the material duties of his regular occupation or any occupation for which he is reasonably qualified based on his education, training or experience.

22. Mr. Wiseman provided the Defendant with ample medical evidence to verify his disability under the Dwyer Instruments, Inc. Long Term Disability Insurance Policy.

23. The Defendant has intentionally and without reasonable justification denied Mr. Wiseman's long term disability benefits and Extension of Death benefits in violation of the Dwyer Instruments, Inc. Long Term Disability Insurance Policy and ERISA.

WHEREFORE, the Plaintiff, Brian Wiseman, requests that this Honorable Court enter Judgment:

A. Finding that Brian Wiseman is entitled to long term disability benefits and Extension of Death benefits and order the Defendant to pay the past due benefits.

B. Finding that Brian Wiseman is entitled to long term disability benefits and Extension of Death benefits and order the Defendant to pay for future monthly benefits as they become due.

C. Awarding the Plaintiff interest on the amount of back benefits which remain unpaid.

D. Awarding the Plaintiff reasonable reimbursement for attorneys' fees and costs incurred as a result of the Defendant's wrongful denial of benefits.

E. Awarding all other relief as may be just and appropriate.

    Respectfully Submitted,

s/Bridget O'Ryan
Bridget O'Ryan
Attorney for Brian Wiseman
O'Ryan Law Firm
1901 Broad Ripple Avenue
Indianapolis, IN 46220
(317) 255-1000
Fax: (317) 255-1006
boryan@oryanlawfirm.com